STATE v. WILSON

[108 N.C. App. 117 (1992)]

STATE OF NORTH CAROLINA v. VERNON FORREST WILSON

No. 9115SC728

(Filed 1 December 1992)

1. **Evidence and Witnesses § 369 (NCI4th)— armed robbery— other crimes, wrongs, acts—conversation concerning armed robberies—plan, scheme or design**

   The trial court did not err in an armed robbery prosecution by admitting evidence of a conversation between defendant and another man, prior to the robbery with which defendant is charged, in which defendant suggested that they commit armed robberies to obtain money. Evidence of defendant's prior *conversation* constitutes evidence of another "crime, wrong, or act" as those terms are used under N.C.G.S. § 8C-1, Rule 404(b) and the evidence was properly admitted for the purpose of showing that defendant had a plan, scheme, system, or design involving the commission of robberies in the Joppa Oaks area of Hillsborough. In addition, the State presented substantial evidence that the prior conversation actually occurred and that defendant participated in it, it reasonably tends to prove a material fact in issue other than the character of the accused, and it is of great probative value because it occurred only twenty days before the robbery in question, and the place and manner in which the robbery occurred closely parallels the place and manner for committing robbery suggested by defendant in the conversation. Finally, the trial court instructed the jury that the evidence was admitted solely for the purpose of showing on defendant's part a plan or scheme involving the charged crime.

   **Am Jur 2d, Evidence §§ 320-325, 363, 366.**

2. **Evidence and Witnesses § 369 (NCI4th)— armed robbery— prior robbery—admissible**

   The trial court did not err in an armed robbery prosecution by admitting evidence of a prior robbery where the evidence was admissible to show a common plan or scheme and the evidence had great probative value due to the similarities between the robberies and the fact that this robbery occurred only twenty days prior to the robbery for which defendant

was tried. Furthermore, a proper limiting instruction was provided.

Am Jur 2d, Evidence §§ 326, 366.

3. **Evidence and Witnesses § 369 (NCI4th) — armed robbery — prior attempted break-in — admissible**

The trial court did not err in an armed robbery prosecution by admitting evidence of a prior attempted break-in where the evidence was admissible to show a common scheme or plan and was relevant, was of high probative value in that it occurred just three weeks prior to the actual robbery, and was of the same business which defendant eventually robbed. Although no limiting instruction was given, there is no evidence that one was requested.

Am Jur 2d, Evidence §§ 326, 366.

4. **Evidence and Witnesses § 369 (NCI4th) — armed robbery — prior break-in — prior police chase — admissible**

The trial court did not err in an armed robbery prosecution by admitting evidence of defendant's prior break-in of a residence and his participation in a police chase where defendant recovered a .22 caliber rifle during the break-in, the stock of the rifle was broken during the chase, and there was testimony that a .22 caliber rifle with a sawed-off stock was used in the robbery for which defendant was tried. This evidence tends to make more probable defendant's participation in that robbery.

Am Jur 2d, Evidence §§ 280, 366.

5. **Evidence and Witnesses § 1708 (NCI4th) — robbery — photographs of scene — admissible**

The trial court did not err in a robbery prosecution by admitting photographs of the scene to illustrate testimony regarding the robbery.

Am Jur 2d, Evidence §§ 785 et seq.

Appeal by defendant from judgment entered 5 April 1991 in Orange County Superior Court by Judge J. Milton Read, Jr. Heard in the Court of Appeals 14 October 1992.

STATE v. WILSON

[108 N.C. App. 117 (1992)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Clarence J. DelForge, III, for the State.*

*Levine, Stewart & Davis, by John T. Stewart, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from a judgment entered 5 April 1991, which judgment is based on a jury verdict convicting defendant of robbery with a dangerous weapon, N.C.G.S. § 14-87 (1986).

The evidence presented by the State established that on the evening of 28 December 1988, defendant and Andrew Hyde (Hyde), along with two other men, were driving around the Joppa Oaks area of Hillsborough, North Carolina. They discussed the possibility of robbing Chris's Truck Stop on Highway 86, but decided against it because the truck stop was too crowded. The group instead decided to rob the adjacent Schrift's Food Mart, a business which, according to Hyde's testimony, defendant and Hyde had unsuccessfully attempted to break into three weeks earlier by chopping their way through the roof of the building with an ax.

Defendant drove into the parking lot of Chris's Truck Stop and parked beside a dumpster. Hyde, armed with a .22 caliber rifle with a broken-off stock and wearing a ski mask, entered the store. Buck Owens (Owens), the clerk on duty at the time, testified that the robber pointed the gun at him and demanded money. Owens put approximately $500.00 into a paper bag and gave it to Hyde, who ran out of the store and to the car. Defendant then took the money from Hyde and drove back to Durham where the men lived.

Defendant and Hyde were indicted on the charge of robbery with a dangerous weapon. Defendant pleaded not guilty, but Hyde agreed to plead guilty and testify against defendant in exchange for a twenty-year sentence. At trial, the court considered the admissibility of numerous armed robberies and break-ins allegedly committed by defendant and Hyde prior to the robbery at Schrift's. The trial court determined that the probative value of the majority of these prior acts would be substantially outweighed by the danger of unfair prejudice to defendant, and ruled such evidence inadmissible. However, the trial court ruled admissible, over defendant's objection, testimony regarding the breaking and entering on 8

December 1988 of the Durham residence of Alma Smith (Smith), who had died two weeks earlier. Hyde's testimony established that defendant, Hyde, and defendant's brother entered Smith's house and took a .22 caliber rifle, silver flatware, and a watch. During the course of Hyde's testimony regarding the break-in at Smith's residence, the trial court instructed the jury that such evidence was admitted only for the purpose of showing "a plan, scheme, system, or design involving the crime charged in this case."

The trial court also allowed Hyde to testify that immediately after breaking into Smith's residence, defendant and Hyde engaged in a conversation regarding the commission of robbery. Hyde testified that defendant stated that he was tired of stealing and having to "spend all day trying to find somebody to buy" the stolen items, and that the men could get cash more easily by robbing a store. Defendant reasoned that, since the men had recovered a gun from the Alma Smith break-in, they should use it to commit armed robbery. According to Hyde, defendant explained how to commit such a robbery, and convinced Hyde that defendant should drive the getaway car and Hyde should actually enter the store.

Defendant and Hyde decided to rob Ed's Food Mart, which is located approximately two miles from Schrift's Food Mart. At the last minute, however, Hyde, who had been drinking heavily, backed out. The men decided instead to rob Ray's Easy Shop, which was located on the other side of Chris's Truck Stop. Defendant found a white plastic bag, put it over Hyde's head, tore out holes for Hyde's eyes and mouth, and sent Hyde into the store with the .22 caliber rifle stolen from Alma Smith's residence while defendant waited outside in the car. During Hyde's testimony, the trial court allowed, over defendant's objection, the State's use of two photographs for illustrative purposes. The clerk on duty at Ray's Easy Shop at the time of the robbery, Joe Teston, testified that at approximately 9:30 p.m. on 8 December 1988, a man with a white plastic bag over his head and a .22 caliber rifle robbed the store of $755.00. After the robbery, Hyde ran back to the car, gave defendant the money, and defendant drove away. Again, defendant objected to this testimony and the trial court instructed the jury that this testimony was admitted solely to show "in the mind of [defendant] a plan, a scheme, a system, or design involving the crime charged."

The trial court also admitted, over defendant's objection, Hyde's testimony that on 21 December 1988, while stopped at a traffic light in Durham, defendant and Hyde noticed an unmarked police car beside them. One of the officers stared at the two men. When the light changed, defendant sped away and a chase ensued, during which Hyde threw a ski mask, the .22 caliber rifle, and a .25 caliber pistol out of the car window. After successfully eluding the police, defendant stopped the car and the two men fled on foot. Hyde later returned to the scene of the chase and recovered the .22 caliber rifle. The rifle apparently had struck a telephone pole, breaking off its stock. Officer Kerman Hall, who participated in the chase, later identified the driver of the car as defendant. Defendant did not request and the trial court did not give a limiting instruction with regard to this portion of Hyde's testimony.

Defendant presented no evidence at trial. He was convicted of one count of robbery with a dangerous weapon, and the trial court imposed a sentence of twenty years, to be served consecutively with a 120-year sentence imposed on defendant for three convictions in other cases.

---

The issues presented are whether (I) evidence of defendant's alleged participation in (A) a conversation with Hyde regarding their intended commission of robberies in Hillsborough, (B) the prior uncharged robbery of Ray's Easy Shop, and (C) the prior attempted break-in of Schrift's Food Mart, is admissible to show on defendant's part a plan, scheme, system, or design involving the robbery with which defendant is charged; (II) evidence of defendant's alleged participation in (A) the break-in of Alma Smith's residence, and (B) the police chase in Durham, is relevant to any issue in the case; and (III) the trial court abused its discretion by allowing the State to use photographs to illustrate Hyde's testimony regarding the prior uncharged robbery of Ray's Easy Shop.

I

[1] Evidence of a defendant's other crimes, wrongs, or acts is admissible only if such evidence (1) is offered for a proper purpose, see N.C.G.S. § 8C-1, Rule 404(b) (1992); (2) is relevant, see N.C.G.S. § 8C-1, Rules 401 and 104(b) (1992); (3) has probative value which is not substantially outweighed by the danger of unfair prejudice to the defendant, see N.C.G.S. § 8C-1, Rule 403 (1992); and (4) if requested, is coupled with a limiting instruction, see N.C.G.S.

§ 8C-1, Rule 105 (1992). *State v. Haskins,* 104 N.C. App. 675, 679, 411 S.E.2d 376, 380 (1991), *disc. rev. denied,* 331 N.C. 287, 417 S.E.2d 256 (1992). Although many purposes are deemed "proper" under Rule 404(b), when the State offers evidence "solely to show that the defendant has the propensity to commit an offense of the nature of the crime charged," such evidence is not offered for a proper purpose. *Id.* at 679, 411 S.E.2d at 380. And even if offered for a proper purpose, to qualify as "relevant" the evidence must reasonably tend to prove a material fact in issue other than the character of the accused, *and* there must exist substantial evidence that the other crime, wrong, or act occurred and that the defendant was the actor. *Id.* at 679-80, 411 S.E.2d at 380-81.

A

Defendant argues that the trial court committed reversible error by allowing Hyde to testify that, prior to their actual commission of the robbery of Schrift's Food Mart, with which defendant is charged, defendant suggested to Hyde that they commit armed robberies in Hillsborough in order to obtain money. According to defendant, this evidence "served only to prove that the character of defendant is such that he acted in conformity on the occasion in question." The State, on the other hand, contends that evidence of the conversation between defendant and Hyde shows on the part of defendant a plan to commit armed robberies in a particular area of Hillsborough.

At the outset we note that evidence of defendant's prior *conversation* with Hyde constitutes evidence of another "crime, wrong, or act," as those terms are used under Rule 404(b). Other crimes evidence is not limited to evidence of other criminal or unlawful acts on the part of the defendant, but also includes *any* extrinsic conduct or misconduct by the defendant which is relevant to an issue in the case other than to show that the defendant has the propensity for the type of conduct with which he is charged. *See State v. Morgan,* 315 N.C. 626, 636-37, 340 S.E.2d 84, 91 (1986) (discussing the admissibility of the "extrinsic conduct" of a criminal defendant under Rule 404(b) ). Accordingly, evidence of defendant's alleged conversation with Hyde in which defendant, among other things, discussed the advantages of committing armed robbery over stealing and selling property as well as the manner in which it could be done, constitutes Rule 404(b) evidence of another "crime, wrong, or act" on the part of defendant.

## STATE v. WILSON

[108 N.C. App. 117 (1992)]

In the instant case, such evidence is admissible for the following reasons. The State offered and the trial court admitted evidence of defendant's conversation with Hyde for the purpose of showing that defendant had a plan, scheme, system, or design involving the commission of robberies in the Joppa Oaks area of Hillsborough. Such is a proper purpose under Rule 404(b). In addition, the evidence is relevant because (1) the State, through the testimony of Hyde, presented substantial evidence that the prior conversation actually occurred and that defendant participated in it, and (2) it reasonably tends to prove a material fact in issue other than the character of the accused—specifically, defendant's planning of and participation in the armed robbery of Schrift's Food Mart, a business located in the Joppa Oaks area of Hillsborough. See N.C.G.S. § 8C-1, Rules 401 and 104(b) (1992). Moreover, the evidence of defendant's conversation is of great probative value because it occurred only twenty days before the robbery of Schrift's, and because the place and the manner in which the Schrift's robbery occurred parallels the place and the manner for committing robbery suggested by defendant in his conversation with Hyde. See State v. Jones, 322 N.C. 585, 589, 369 S.E.2d 822, 824 (1988) (to be admissible, other crimes evidence admitted to show a common plan under Rule 404(b) must be sufficiently similar to the crime charged and not too remote in time). Nothing in the record suggests that the trial court abused its discretion in determining that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice to the defendant. See N.C.G.S. § 8C-1, Rule 403 (1992). Finally, the trial court instructed the jury that the evidence was admitted solely for the purpose of showing on defendant's part a plan or scheme involving the charged crime—the robbery of Schrift's Food Mart. See N.C.G.S. § 8C-1, Rule 105 (1992).

B

[2] Defendant argues that the trial court erroneously admitted evidence of defendant's participation in the robbery of Ray's Easy Shop because the sole relevance of such evidence was to show that defendant had the propensity to commit armed robbery. The State contends that the evidence is admissible to show a plan or scheme on defendant's part to commit armed robberies in the Joppa Oaks area of Hillsborough.

For the same reasons that evidence of defendant's conversation with Hyde was admitted for a proper purpose and is relevant,

the evidence of the prior robbery of Ray's Easy Shop was admitted for a proper purpose and is relevant. In addition, the similarities between the robbery of Ray's and the robbery of Schrift's, and the fact that the robbery of Ray's occurred only twenty days prior to the Schrift's robbery, gives the evidence great probative value, which the trial court in its discretion determined was not substantially outweighed by the danger of unfair prejudice. We discern no abuse of discretion in this regard. Furthermore, the trial court provided a proper limiting instruction with regard to this evidence.

C

[3] Defendant argues that evidence of his prior attempted break-in of Schrift's Food Mart impermissibly showed only that he had the propensity to commit the robbery of Schrift's, with which he is charged. Again, the State argues that such evidence shows on defendant's part a plan to rob Schrift's.

Evidence of the attempted break-in of Schrift's three weeks prior to the actual robbery of the store, for the same reasons discussed above, was admitted for a proper purpose and is relevant. Furthermore, its high probative value can be measured by the fact that the attempted break-in occurred just three weeks prior to the actual robbery, and was of the same business which defendant eventually robbed. We discern no abuse of discretion on the part of the trial court in determining that the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice to defendant. And although no limiting instruction was given with regard to this particular portion of Hyde's testimony, there is no evidence in the record that one was requested. See Haskins, 104 N.C. App. at 679, 411 S.E.2d at 380 (limiting instruction for evidence admitted under Rule 404(b) required only if requested by defendant).

II

[4] Defendant argues that evidence of his participation in the break-in of Alma Smith's residence on 8 December 1988, and of his participation in a police chase on 21 December 1988, is irrelevant and therefore inadmissible. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1992). All relevant evidence is admissible,

N.C.G.S. § 8C-1, Rule 402 (1992), subject to the restrictions of Rule 403.

## A

During the break-in of Alma Smith's residence, defendant, Hyde, and defendant's brother recovered, among other things, a .22 caliber rifle. The evidence at trial established that a .22 caliber rifle was used during the commission of the robbery of Schrift's Food Mart. Thus, the evidence of which defendant complains tends to make more probable the fact that defendant participated in the robbery of Schrift's because it shows that he had recently gained access to the same type of weapon that was used in the robbery. Accordingly, the evidence is relevant.

## B

Hyde testified that, during the high-speed chase involving himself and defendant and the police, Hyde threw from the car window the .22 caliber rifle which defendant and Hyde had stolen from Alma Smith's residence. According to Hyde, the gun apparently struck a telephone pole, because when Hyde went back to the scene to retrieve the gun, its stock had broken off. At trial, the clerk on duty at Schrift's on the night of the robbery testified that the gunman used a .22 caliber rifle with a "sawed-off" stock. Thus, the evidence of the chase, during which the gun was broken, tends to make more probable defendant's participation in the robbery of Schrift's because it shows that defendant had access to a gun with the same features as the one used during the commission of the robbery with which defendant is charged.

## III

[5] Defendant argues that the trial court erroneously admitted into evidence two photographs, which Hyde used to illustrate his testimony regarding the robbery of Ray's Easy Shop on 8 December 1988 in which he and defendant participated. One of the photographs depicts the entrance ramp to Interstate 85, where defendant parked the getaway car during the robbery. The other photograph depicts the layout of the store. According to defendant, the photographs served only to prejudice the jury against him because Hyde used the photographs "to needlessly repeat testimony which tended to show that defendant frequently exhibited criminal behavior."

STATE v. WILSON

[108 N.C. App. 117 (1992)]

The exclusion of relevant evidence is a matter within the sound discretion of the trial court. *See* N.C.G.S. § 8C-1, Rule 403 (1992) (trial court *may* exclude relevant evidence if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice to the defendant or the needless presentation of cumulative evidence). "Whether the use of photographic evidence is more probative than prejudicial . . . likewise lies within the discretion of the trial court." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). To assess whether the State's use of photographs is unfairly prejudicial to the defendant, the trial court must examine the content and manner in which the challenged photographs are used and "scrutinize the totality of the circumstances composing that presentation." *Id.* at 285, 372 S.E.2d at 527.

In the instant case, as previously discussed, the trial court properly allowed Hyde's testimony regarding defendant's participation in the robbery of Ray's Easy Shop, and we discern no abuse of discretion in the court's decision to allow the State to use two rather bland photographs to illustrate Hyde's testimony.

No error.

Judges WYNN and WALKER concur.