STATE v. EVERETTE

[111 N.C. App. 775 (1993)]

---

STATE OF NORTH CAROLINA v. LARRY DONALD EVERETTE

No. 9220SC715

(Filed 7 September 1993)

**1. Evidence and Witnesses § 368 (NCI4th) — robbery — evidence of subsequent offense — admissible — common scheme or plan**

The trial court did not err in a prosecution for armed robbery and common law robbery by allowing a codefendant to testify as to a subsequent crime for which the defendant was not charged where the evidence tends to show a common scheme or plan on the part of defendant and his cohorts. The evidence reasonably tends to prove a material fact in issue other than the character of the accused, specifically, defend-

STATE v. EVERETTE

[111 N.C. App. 775 (1993)]

ant's participation as the driver of the car during three robberies; the evidence is probative because the subsequent robbery occurred in a similar manner, in close proximity, and only a few minutes after the charged robberies; and nothing in the record indicates that the probative value of this evidence was outweighed by the danger of unfair prejudice to the defendant. N.C.G.S. § 8C-1, Rule 404(b).

**Am Jur 2d, Robbery §§ 59, 60.**

**Admissibility, in robbery prosecution, of evidence of other robberies. 42 ALR2d 854.**

2. **Criminal Law § 113 (NCI4th) — robbery — discovery — failure to comply — no prejudice**

The trial court did not err in a robbery prosecution by denying defendant's motion for a mistrial based on the State offering a statement by defendant which was not disclosed pursuant to discovery where the State informed defendant of its intent to use the defendant's statement that "I found the knife a few weeks ago," referring to a pocketknife identified as that taken from Johnny Coleman and found in defendant's possession at the time of arrest; a detective testified at trial that defendant told him that he had "bought the knife"; Johnny Coleman testified that the knife in question was the knife stolen from him; and the detective testified that the knife was the one taken by him from defendant's possession at the time of arrest and verified the subsequent chain of custody. Any error in the failure of the state to comply with discovery was harmless beyond a reasonable doubt.

**Am Jur 2d, Depositions and Discovery §§ 426, 427.**

3. **Robbery § 4.5 (NCI3d) — series of robberies — driver of car — evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss robbery charges where, although defendant contended that he was merely present and not an active participant in the robberies, there was testimony that defendant and two other men decided to get into a "hustle," meaning to "tak[e] something"; they drove to Rockingham, North Carolina and pulled over when they saw Tammy Locklear and Johnny Coleman walking along the street; defendant stopped the car and kept it running while the other two men robbed their

victims; and defendant sped away when the robberies were complete. Giving the State the benefit of every reasonable inference, this evidence was sufficient to support a jury finding that defendant acted in concert or aided and abetted the other two men.

**Am Jur 2d, Robbery § 67.**

**4. Robbery § 5.4 (NCI3d) — armed robbery — pistol without firing pin — instruction on common law robbery required**

The trial court erred in an armed robbery prosecution by not instructing on common law robbery where there was evidence that the pistol in question was without a firing pin at the time of the robbery, but the evidence was not so compelling as to prevent a permissive inference of danger or threat to life or to require that an instruction on armed robbery be excluded. The court should have instructed on common law robbery as well as armed robbery.

**Am Jur 2d, Robbery § 75.**

Appeal by defendant from judgment entered 21 February 1992 by Judge F. Fetzer Mills in Richmond County Superior Court. Heard in the Court of Appeals 25 May 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General D. Sigsbee Miller, for the State.*

*Pittman, Pittman, Davis & Pittman, by Ira B. Pittman, for the defendant-appellant.*

WYNN, Judge.

Defendant was indicted on 11 February 1991 on two counts of robbery with a dangerous weapon. The case was tried to a jury and the jury returned verdicts of guilty of robbery with a dangerous weapon and guilty of common law robbery. The trial judge entered judgment on the verdicts and sentenced defendant to consecutive terms of twenty years imprisonment for robbery with a dangerous weapon and ten years imprisonment for common law robbery.

---

The State's evidence tended to show the following. On 24 December 1990, Larry Everette ("defendant"), his brother James

Everette ("Everette") and Maurice Farley ("Farley") met in Hamlet, North Carolina. The three rode around together in a brown Toyota vehicle, drinking and smoking some cocaine. They drove to Rockingham, N.C. to "get a hustle" or "tak[e] something" so they could get some more crack cocaine. As defendant drove down Flowers Street, they observed Tammy Locklear and Johnny Coleman walking on the sidewalk. James Everette and Farley instructed defendant to stop the car. Farley and Everette jumped out and ran towards the couple. Someone said "hold up" and Farley took Ms. Locklear's necklace, rings, and purse. Everette held a long barrel pistol on Mr. Coleman, threatened to shoot him and took his wallet and pocket knife. Defendant remained in the vehicle with the engine running. Farley and Everette ran back to the car and defendant sped away.

Farley testified that defendant drove back to Hamlet and stopped the car at the Little Giant Convenience Store. Farley got out of the car, ran up to a man on the sidewalk and asked him for a cigarette. Farley grabbed the man's necklace and bracelet and jumped back into the car. Defendant continued to drive to South Hamlet. Farley further testified that he did not give defendant any of the items he had taken. Defendant objected to Farley's testimony regarding the robbery of the man at the Little Giant Convenience Store and the trial court overruled the objection.

At the close of the State's evidence and at the close of all of the evidence, defendant moved for a mistrial and dismissal. Both motions were denied. The defendant did not offer any evidence. During the charge conference, defendant requested an instruction on the lesser included offense of common law robbery. The request was granted as to the charge involving Tammy Locklear but denied as to the charge involving Johnny Coleman. The jury returned verdicts of guilty of common law robbery and guilty of robbery with a dangerous weapon. From entry of judgment on the verdicts and sentencing, defendant appeals.

I.

[1] Defendant's first assignment of error contends that the trial court erred by allowing co-defendant, Maurice Farley, to testify as to a subsequent crime for which the defendant was not charged, namely the robbery by Farley of the man at the Little Giant Convenience Store when the trio returned to Hamlet. Defendant argues that this evidence was inadmissible under N.C.G.S. § 8C-1, Rule

404(b) as evidence of other crimes, wrongs or acts. Even if admissible as an exception, defendant contends that the evidence is irrelevant and that the danger of unfair prejudice outweighs any probative value.

Rule 404(b) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may however be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment, or accident.

The State argues that this evidence was admissible as an exception to Rule 404(b) because it tends to show a common scheme or plan by the co-defendants. Farley's testimony regarding other crimes, wrongs, or acts is admissible only if

[S]uch evidence (1) is offered for a proper purpose, *see* N.C.G.S. § 8C-1, Rule 404(b) (1992); (2) is relevant, *see* N.C.G.S. § 8C-1, Rules 401 and 104(b) (1992); (3) has probative value which is not substantially outweighed by the danger of unfair prejudice to the defendant, *see* N.C.G.S. § 8C-1, Rule 403 (1992); and (4) if requested, is coupled with a limiting instruction, *see* N.C.G.S. § 8C-1, Rule 105 (1992). *State v. Haskins*, 104 N.C. App. 675, 679, 411 S.E.2d 376, 380 (1991), *disc. rev. denied*, 331 N.C. 287, 417 S.E.2d 256 (1992).

*State v. Wilson*, 108 N.C. App. 117, 121-122, 423 S.E.2d 473, 476 (1992). Evidence offered "solely to show that the defendant has the propensity to commit an offense of the nature of the crime charged," is not offered for a proper purpose. *Id.* (quoting *Haskins*, 104 N.C. App. at 679, 411 S.E.2d at 380). Moreover, "to qualify as 'relevant' the evidence must reasonably tend to prove a material fact in issue other than the character of the accused, *and* there must exist substantial evidence that the other crime, wrong, or act occurred and that the defendant was the actor." *Id.* (citing *Haskins*, 104 N.C. App. at 679-80, 411 S.E.2d at 380-81).

The evidence relating to the robbery by Farley of the man at the Little Giant Store is evidence of another "crime, wrong or act," as defined in Rule 404(b). The trial judge in this case did not specify the purpose for which he was admitting the testimony.

However, the evidence tends to show a common scheme or plan on the part of defendant and his cohorts. Farley testified that the men set out to get into a "hustle" to obtain money for drugs. The robberies occurred within close proximity of one another, were perpetrated in the same manner and occurred within a short span of time. The evidence was "relevant" because the State presented substantial evidence through the testimony of Farley that the robbery of the man at the Little Giant Store did occur and that defendant was the driver of the vehicle used to get away. This evidence reasonably tends to prove a material fact in issue other than the character of the accused—namely, defendant's participation as the driver of the car during three robberies. The evidence is probative because it occurred in a similar manner, in close proximity to the prior robberies and only a few minutes after the charged Rockingham robberies. Where the facts show the crimes were related by facts indicating similar place, time, type of crime, method of perpetration and principals, the evidence is admissible as an exception. Nothing in the record indicates that the probative value of this evidence was outweighed by the danger of unfair prejudice to the defendant. The defendant was not charged with the subsequent robbery occurring in Hamlet.

Finally, there is no evidence in the record indicating that the defendant requested a limiting instruction with regard to the testimony. As a result, such an instruction was not required and it was not error for the trial court to fail to provide one. *See State v. Wilson*, 108 N.C. App. at 124, 423 S.E.2d at 478 (limiting instruction for evidence admitted under Rule 404(b) required only if requested by defendant).

## II.

[2] Defendant next argues that the trial court erred by denying his motion for a mistrial at the close of all of the evidence because the State offered a statement made by defendant which was not disclosed to the defendant pursuant to discovery. Pursuant to defendant's discovery request, the State informed defendant of its intent to use the defendant's statement, "I found the knife a few weeks ago," referring to a pocket knife identified as that taken from Johnny Coleman and found in defendant's possession at the time of arrest. At trial however, Detective James Prevatte of the Richmond County Sheriff's Department testified that defendant told him that he had "bought the knife." The trial court concluded

that the State had not furnished the statement actually offered, but ruled that in light of all of the evidence such error of the State was harmless beyond a reasonable doubt. The court denied defendant's motion for a mistrial.

Sanctions for failure to comply with a discovery request in criminal cases are governed by N.C.G.S. § 15A-910. The statute authorizes a variety of sanctions for noncompliance, the choice of which to impose or whether to impose a sanction, resting in the sound discretion of the trial court. *State v. Herring*, 322 N.C. 733, 747, 370 S.E.2d 363, 372 (1988). These discretionary rulings are not reviewable on appeal absent a showing of an abuse of discretion. *Id.; State v. Gladden*, 315 N.C. 398, 412, 340 S.E.2d 673, 682, *cert. denied*, 479 U.S. 871, 93 L.Ed.2d 166 (1986). For the trial court to be reversed for an abuse of discretion, there must be a "showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *Gladden*, 315 N.C. at 412, 340 S.E.2d at 682, (citing *State v. Hayes*, 314 N.C. 460, 334 S.E.2d 741 (1985) ).

The trial court's ruling in this case was supported by the evidence presented at trial. Johnny Coleman testified that the knife in question was the knife stolen from him. Detective Prevatte testified that the knife was the one taken by him from defendant's possession at the time of arrest and verified the subsequent chain of custody. As decided by the trial court, any error in the failure of the state to comply with discovery in this case was harmless beyond a reasonable doubt.

III.

[3]  By defendant's next assignment of error he contends that the trial court improperly denied his motion to dismiss at the close of all the evidence.

On a motion to dismiss, the trial court's task is to determine whether there is substantial evidence of each essential element of the charged offense. *State v. Vines*, 317 N.C. 242, 253, 345 S.E.2d 169, 175 (1986). Substantial evidence is such relevant evidence as a reasonable mind would accept as sufficient to support a conclusion. *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). All of the evidence actually admitted, both competent and incompetent may be considered. Such evidence should be viewed in the light most favorable to the State, giving the State the benefit of every

reasonable inference to be drawn therefrom. *State v. McKinney*, 288 N.C. 113, 117, 215 S.E.2d 578, 581-82 (1975).

In order to be convicted of robbery with a dangerous weapon the State must show "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." *State v. Bromfield*, 332 N.C. 24, 42, 418 S.E.2d 491, 500 (1992) (citing *State v. Beaty*, 306 N.C. 491, 496, 293 S.E.2d 760, 764 (1982), *overruled on other grounds*, *State v. White*, 322 N.C. 506, 518, 369 S.E.2d 813, 819 (1988) ); *see also* N.C.G.S. § 14-87(a) (1986). One who aids or abets any person in the commission of such a crime is equally guilty of the crime of armed robbery. *See* N.C.G.S. § 14-87(a). Common law robbery is the "felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *State v. Stewart*, 255 N.C. 571, 122 S.E.2d 355 (1961).

The evidence in the instant case, taken in the light most favorable to the State, was clearly sufficient to show that James Everette robbed Johnny Coleman with the use of a dangerous weapon and further that Maurice Farley robbed Tammy Locklear. Defendant contends that he was merely present and did not aid nor intend to aid the perpetrators. The evidence presented at trial does not support the defendant's contention that he was merely present and not an active participant in the robberies. Rather, Farley testified that the three men decided to get into a "hustle" meaning to "tak[e] something." They drove to Rockingham, North Carolina and pulled over when they saw Tammy Locklear and Johnny Coleman walking along the street. Defendant stopped the car and kept it running while the other two men robbed their victims. Defendant sped away when the robberies were complete. Giving the State the benefit of every reasonable inference, this evidence was sufficient to support a jury finding that defendant acted in concert or aided and abetted James Everette and Maurice Farley in the robbery with a dangerous weapon of Johnny Coleman and the common law robbery of Tammy Locklear. The trial court therefore properly denied the defendant's motion to dismiss at the close of all the evidence. This assignment of error is overruled.

STATE v. EVERETTE

[111 N.C. App. 775 (1993)]

IV.

[4] Defendant's final assignment of error contends that the trial court committed reversible error by failing to instruct the jury on the lesser included offense of common law robbery in the case involving Johnny Coleman. Specifically, defendant contends that the State's evidence showed that the pistol used in the robbery was without a firing pin at the time the robbery was committed and therefore could not have endangered or threatened anyone's life.

The law regarding whether a robbery with a particular implement constitutes armed robbery as defined by N.C.G.S. § 14-87 was clarified by the North Carolina Supreme Court in *State v. Joyner*, 312 N.C. 779, 324 S.E.2d 841 (1985). Justice Mitchell writing for the Court states:

> When a person commits a robbery by the use or threatened use of an implement which appears to be a firearm or other dangerous weapon, *the law presumes*, in the absence of any evidence to the contrary, that the instrument is what his conduct represents it to be. . . . Thus, where there is evidence that a defendant has committed a robbery with what appears to the victim to be a firearm or other dangerous weapon *and nothing to the contrary appears in evidence*, the presumption that the victim's life was endangered or threatened is mandatory . . . .
>
> . . .
>
> [When however,] *any evidence* is introduced tending to show that the life of the victim was not endangered or threatened, "the mandatory presumption disappears, leaving only a mere permissive inference. . . ." [that the victim's life was endangered or threatened]. The permissive inference which survives permits but does not require the jury to infer the elemental fact (danger or threat to life) from the basic fact proven (robbery with what appeared to the victim to be a firearm or other dangerous weapon).

*State v. Joyner*, 312 N.C. 779, 782-83, 324 S.E.2d 841, 844 (1985) (citations omitted). Where the defendant provides conclusive evidence that the instrument used during a robbery *could not* have endangered or threatened anyone's life at the time, the trial court may not allow the inference to be made by the jury. *Id.* In that case, the trial judge should only instruct the jury as to common

law robbery and not armed robbery. Where the permissive inference remains, however, because of the inconclusive nature of the evidence, the trial judge must permit the jury to consider a possible verdict of guilty of armed robbery and guilty of the lesser included offense of common law robbery. *Id.; see also State v. Alston*, 305 N.C. 647, 290 S.E.2d 614 (1982).

The defendant argues that the evidence showed that the weapon in this case, a .22 caliber pistol, did not have a firing pin in it at the time of the robberies. Detective Prevatte testified that when he recovered the pistol, one month after the robberies occurred, it had one spent shell in the chamber. He did not testify that the pistol was without a firing pin at the time he obtained it. Maurice Farley testified that when Everette got back in the car after the robbery, Farley looked at the gun. According to Farley's testimony, the firing pin was missing from the gun at that time and two barrels fell out of it.

Assuming *arguendo* that this evidence tended to show that the pistol in question was without a firing pin at the time of the robbery, it was *some evidence* of the nonexistence of the element of danger or threat to life. This evidence was sufficient to remove the mandatory presumption in the present case and required the trial court to permit the jury to consider the possible verdict of guilty of the lesser included offense of common law robbery. The evidence was not so compelling however to prevent a permissive inference of danger or threat to life or to require an instruction on armed robbery to be excluded. Thus the trial court in this case should have instructed on common law robbery as well as armed robbery with respect to the robbery of Johnny Coleman and it was error to fail to do so.

For the foregoing reasons we find that there must be a new trial on the charge for the armed robbery of Johnny Coleman. We find no error in the conviction for robbery of Tammy Locklear.

No. 91 CRS 748—No Error.

No. 91 CRS 749—New Trial.

Judges JOHNSON and GREENE concur.