STATE OF NORTH CAROLINA
v.
JODY MARTIN GETTYS
No. COA08-927
Court of Appeals of North Carolina
Filed August 4, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Anne J. Brown, for the State.
C. Gary Triggs, P.A., by C. Gary Triggs, for defendant-appellant.
CALABRIA, Judge.
Jody Martin Gettys ("defendant") appeals a judgment entered upon a jury verdict finding him guilty of obtaining property by false pretenses. We find no error.
In May 2005, defendant contracted as Silver Creek Log Homes with James Cannon ("Cannon"). Pursuant to the contract, defendant promised to build a log home on Cannon's property. On 26 May 2005, Cannon paid $40,000.00 to defendant as a deposit for the construction of the log home. Defendant told Cannon at that time that he would begin construction on Cannon's home as soon as Cannon got his property graded, and defendant "could pull somebody off" another job. Cannon completed the grading work on the property in late May or early June 2005.
Though Cannon made repeated requests to defendant, no work had begun on Cannon's home through August 2005. On 6 September 2005, defendant and Cannon entered into a new agreement, which appears to have replaced the previous agreement. Under this new contract, defendant was named personally as the contracting party and as the general contractor, replacing Silver Creek Log Homes. All other terms of the original agreement remained unchanged.
After no substantive work began on the property through September 2005, Cannon requested defendant return the $40,000.00 deposit. Defendant refused. At that point, Cannon contacted the Burke County Sheriff's Department in October 2005.
Defendant was tried in Burke County Superior Court on 9 and 10 January 2008 for the offense of obtaining property by false pretenses. At trial, defendant objected to many parts of Cannon's testimony. Although most of these objections were sustained, the trial court neither struck the improper testimony nor gave the jury a curative instruction. During the trial, a witness, James Stewart Mosbey ("Mosbey"), testified over defendant's objection that he also paid a deposit to defendant for the construction of a log home that was never constructed, and that he too was unable to receive a refund of the amount paid to defendant. Defendant made a motion to dismiss at the close of the State's evidence, and the trial court denied the motion. At the close of all evidence, defendant renewed his motion to dismiss, and the trial court again denied the motion.
On 10 January 2008 the jury returned a verdict finding defendant guilty of obtaining property by false pretenses. Defendant was sentenced to a minimum term of eight months to a maximum term of ten months in the North Carolina Department of Correction. This sentence was suspended, and defendant was placed on supervised probation for sixty months. Defendant appeals.

I. Response to Objections
Defendant first argues that the trial court erred by failing to instruct the jury to disregard answers given after the court sustained defense counsel's objections. Numerous times during the course of the trial, the trial court sustained a defense counsel objection, but failed to instruct the jury to disregard the objectionable answer. Defendant argues that this was prejudicial and deprived defendant of a fair trial. We disagree.
Defendant has identified nine instances during the testimony of Cannon where the court sustained objections but failed to instruct the jury to disregard the objectionable testimony. In eight of these instances, defendant failed to make a motion to strike or request a curative instruction after an objection was sustained. When the trial court sustains an objection to the question, the objecting party has no basis for appeal absent a motion to strike or a request for a curative instruction. State v. Barton, 335 N.C. 696, 709-10, 441 S.E.2d 295, 302 (1994). Accordingly, we do not address defendant's contentions for those eight sustained objections where no motion to strike or request for curative instruction was made.
In the final sustained objection identified by defendant, Cannon testified that he had a phone conversation with Mosbey, and that the two determined, "[w]e were in the same boat together." Defendant moved to strike this testimony, but made no further objection when the trial court did not affirmatively strike the testimony after sustaining the objection. Therefore, we review this alleged error under the plain error standard. We do this even though defendant failed to either assign or argue this as plain error.[1] Plain error requires the defendant to show that the alleged error was so fundamental that the outcome of the trial would probably have been different absent the error. State v. Odom, 307 N.C. 655, 661, 300 S.E.2d 375, 378-79 (1983).
The improper testimony by Cannon was followed by extensive testimony from Mosbey himself regarding his dealings with defendant. In light of this additional testimony, the failure by the trial court to strike Cannon's comment was not prejudicial to defendant and falls well below the threshold of plain error. This assignment of error is without merit.

II. Judicial Opinion
Defendant next argues that the court improperly expressed opinion in the presence of the jury, depriving defendant of a fair trial. We disagree.
The trial court acts as the "standard-bearer of impartiality," which requires that "the trial judge . . . not express any opinion as to the weight to be given to or credibility of any competent evidence presented before the jury." State v. Jones, 347 N.C. 193, 207, 491 S.E.2d 641, 649-50 (1997)(internal citation omitted).
A trial court's rulings during the course of the trial do not typically constitute the expression of an opinion. State v. Weeks, 322 N.C. 152, 158, 367 S.E.2d 895, 899 (1988). Even when the trial court's comments can be construed as expressions of opinion, this does not necessarily result in a finding of prejudicial error. State v. Blackstock, 314 N.C. 232, 236, 333 S.E.2d 245, 248 (1985). Whether a trial court's actions constitute reversible error is a question to be considered in light of all of the factors and circumstances disclosed by the record, and the burden of showing prejudice is on the defendant. Id.
Defendant argues that two rulings by the trial court were impermissible expressions of opinion. In both rulings, the trial court was ruling on a defense objection. In neither ruling did trial counsel for defendant express any objection to the response by the judge on the grounds set forth on appeal.
The first statement by the trial judge complained about by defendant occurred during the testimony of Detective Dean Hennessee ("Det. Hennessee") of the Burke County Sheriff's Department.
During Det. Hennessee's testimony, the court interrupted the State's direct examination and instructed the jury as follows:
Members of the jury, in regard to this testimony, I will instruct you that this testimony about what Mr. Cannon said to the officer may be considered by you for the purpose of corroborating the testimony of Mr. Cannon, if you find that it does corroborate his testimony. Now, the word "corroborate" means to strengthen or give greater weight to. If you find that it does corroborate his testimony, you may consider it for that purpose and you may not consider it for other purposes.
As Det. Hennessee's testimony continued, he began discussing his conversations with Cannon. The trial judge overruled defendant's objection to this testimony, stating: "It's corroborative  as I have instructed the jury it can be received to corroborate the testimony if it does corroborate." The trial judge's statement in overruling defendant's objection was simply an explanation for the judge's ruling, and it reiterated the limited purpose for which the jury could consider the testimony. It in no way could be construed to express any opinion on the veracity of the actual testimony.
The second statement by the trial judge complained of by defendant was another response to an objection made by defense counsel. The judge stated, "Well, objection is overruled under Rule 701 and the present sense impression under res gestae of this witness's testimony." Once again, this statement was not an opinion, but rather an explanation for the trial judge's ruling to overrule an objection. This explanation did not in any way comment on the actual testimony.
There is no indication that the trial judge at any time expressed any opinions, improper or otherwise, during the trial below. Accordingly, there could be no prejudice to defendant resulting from any statements made by the judge.

III. Testimony of James Mosbey
Defendant argues the trial court erred by allowing Mosbey to testify regarding other acts of wrongdoing by defendant in violation of N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007). We disagree.
Rule 404(b) states:
Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment, or accident.
N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007). Exclusion of evidence is a balancing test within the discretion of the trial court. To be admitted "evidence must be offered for a proper purpose, must be relevant, must have probative value that is not substantially outweighed by the danger of unfair prejudice to the defendant, and, if requested, must be coupled with a limiting instruction." State v. Haskins, 104 N.C. App. 675, 679, 411 S.E.2d 376, 380 (1991). The decision of the trial court will not be disturbed absent an abuse of discretion. State v. Peterson, 361 N.C. 587, 602, 652 S.E.2d 216, 227 (2007) (citation omitted).
Our courts permit the introduction of Rule 404(b) evidence to prove the defendant's intent in cases where the crime alleged requires proof of a specific intent, in part because intent is a mental state that is seldom provable by direct evidence. State v. West, 103 N.C. App. 1, 9, 404 S.E.2d 191, 197 (1991). When considering potential 404(b) evidence to prove intent, such evidence is admissible if the incidents are sufficiently similar and not remote in time. Id.
Before Mosbey testified, the trial judge listened to his intended testimony in its entirety in a voir dire examination conducted outside the presence of the jury. After weighing this testimony in light of the rules of evidence and listening to the arguments of defendant and the State, the trial court crafted an appropriate limiting instruction for the jury. Mosbey's testimony was then allowed subject to that limiting instruction.
Mosbey testified that he contracted with defendant to build a log home. On 4 April 2005, Mosbey paid defendant a $35,000.00 deposit to begin construction of the home. Defendant told Mosbey construction would begin as soon as possible. In June 2005, Mosbey gave defendant an additional $10,000.000, followed by an additional $15,000.00 in August 2005 and an additional $12,000.00 in September 2005, all of which were supposed to go towards specific aspects of the home's construction. After repeated requests, defendant informed Mosbey that his company was bankrupt, that the home would not be completed, and requested that Mosbey direct further inquiries to defendant's lawyer.
Mosbey's testimony shows that defendant's course of conduct with him was substantially similar to the course of conduct towards Cannon, during the same period of time. The similarities between defendant's behavior towards both Cannon and Mosbey were probative evidence of defendant's intentions towards Cannon. Although the admission of this evidence could arguably also have been prejudicial towards defendant, the trial judge, after carefully reviewing the testimony, found the evidence to be more probative than prejudicial, and we find no abuse of discretion in this decision.

IV. Motion to Dismiss
Defendant finally argues there was insufficient evidence to support a conviction for obtaining property by false pretenses, and contends the trial court erred in denying his motion to dismiss at the close of evidence.
When ruling on a motion to dismiss, the trial court must consider "whether there is substantial evidence of each essential element of the offense charged." State v. Aldridge, 139 N.C. App. 706, 718, 534 S.E.2d 629, 637 (2000) (internal citation omitted). The evidence is to be viewed in the light most favorable to the State and the State is entitled to every reasonable inference. State v. Wright, 127 N.C. App. 592, 596-97, 492 S.E.2d 365, 368 (1997). "[I]f the trial court determines that a reasonable inference of the defendant's guilt may be drawn from the evidence, it must deny the defendant's motion and send the case to the jury." Id. at 597, 492 S.E.2d at 368.
Using the parameters set forth above, we conclude that the issue of defendant's guilt was submitted to the jury properly. The elements of obtaining property by false pretenses are that the defendant: 1) make a representation of a past or existing fact or future event; 2) that is false, and; 3) is calculated and intended to deceive, and; 4) does in fact deceive another person, and; 5) thereby obtains, or attempts to obtain, money, property, services, or some other thing of value from the other person. N.C. Gen. Stat. § 14-100 (2007). The State presented sufficient evidence about defendant's behavior to support every element of this charge. Defendant, upon the receipt of Cannon's considerable deposit, completed little to no work at all over a period of months, despite repeated assurances to Cannon that work was imminent. When Cannon asked for his deposit to be returned, defendant refused to return it. Taken in conjunction with defendant's similarly elusive behavior towards Mosbey, it would have been reasonable for a jury to conclude that defendant intended to defraud and deceive Cannon and never intended to complete construction of Cannon's home.
The record on appeal includes additional assignments of error not addressed by defendant in his brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6) (2007), we deem them abandoned and need not address them.
No error.
Chief Judge MARTIN and Judge STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] Defendant's brief fails to include the appropriate standard of review for each question presented in violation of N.C. R. App. P. 28(b)(6) (2007). We remind counsel of their obligation to ensure that all requirements of our Rules of Appellate Procedure are met.