STATE OF NORTH CAROLINA v. ROGER GENE COFFER

STATE OF NORTH CAROLINA v. MARK ALLEN COFFER

No. 8118SC201

(Filed 6 October 1981)

**1. Criminal Law § 26.2— voluntary dismissal—no attachment of double jeopardy**

A voluntary dismissal taken by the State at a probable cause hearing did not preclude the State from instituting a subsequent prosecution for the same offense. G.S. 15A-612(b); G.S. 15A-931.

**2. Criminal Law § 71— instantaneous conclusion of the mind admissible**

A witness's statement: "God help me, I can't forgive you for what you have done" was an "instantaneous conclusion of the mind" and was admissible.

**3. Criminal Law § 89.4— prior inconsistent statement—failure to give limiting instructions**

The trial judge did not abuse his discretion in failing to give a limiting instruction immediately before a witness's prior inconsistent statement was read to the jury where he did caution the jury in his charge that the statement was to be considered, not as substantive evidence, but only in weighing the credibility of the witness's testimony.

**4. Criminal Law § 73— hearsay—statement of codefendant concerning third person**

It was not error for the court to exclude the statement of defendant Roger Coffer that Johnny Staley was with him at the time of the crime charged even though it tended to support defendant Mark Coffer's alibi as it was not a declaration against penal interest and did not fit within an exception to the hearsay rule.

**5. Criminal Law § 33— irrelevant evidence—harmless error**

Evidence concerning the color of defendant's girlfriend's stockings was irrelevant, but defendant failed to show the admission of such evidence affected his rights or the verdict.

**6. Criminal Law § 113.7— acting in concert—instructions not judicial opinion**

By repeatedly referring to "Roger Gene Coffer, acting either by himself or acting together with Mark Allen Coffer" in his instructions on acting in con-

cert, the trial judge did not express a judicial opinion that Mark Coffer was present on the scene at the time of the crime.

**7. Assault and Battery § 4; Kidnapping § 1— kidnapping separate act from assault**

Asportation of the victim is not an inherent or inevitable feature of an assault.

APPEAL by defendants from *Helms, Judge.* Judgments signed 3 October 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 September 1981.

These cases come on appeal from jury verdicts finding defendants, Roger Gene Coffer and Mark Allen Coffer, guilty of kidnapping and assault with a deadly weapon inflicting serious injury.

The evidence tended to show that on 19 March 1980 Carol Coffer was carried away from the porch of her home to a wooded area in her yard. There she was badly beaten by the defendants, Roger Coffer, her husband from whom she was separated, and Mark Coffer, Roger's cousin. At the time of the assault Carol had just returned from spending the evening with a friend, Jerry Bowman. Bowman remained in Carol's car while she went into the house to get his jacket. As she approached the house, she noticed a man running toward her. Although he was wearing a nylon stocking over his face, she was able to identify this individual as Mark Coffer. Mark caught up with her and grabbed her shoulders while Roger held her legs. Once they had removed Carol to the woods, Roger began hitting her in the face. He then disappeared and Mark continued to beat her with his fists and later with a rock and a stick. From the testimony of David Long, Carol's uncle, it seems that Roger had returned to the car to speak with Bowman. David Long had been asleep in the house. He was awakened by a scream and later heard loud voices. When he went outside to investigate, he found Bowman sitting in the car and Roger standing beside it. They appeared to be arguing. Shortly afterwards Carol came staggering out of the woods.

As a result of the beating, Carol suffered a head wound requiring six to eight stitches, her face was bruised and bleeding, her tongue had been cut and several teeth were chipped. It was likely she suffered a skull fracture.

Jerry Bowman testified at trial that Roger did not attack Carol and that someone other than Mark had assaulted her. The state introduced impeachment evidence of a prior inconsistent statement made to an investigating officer, as well as inconsistent testimony given in district court at the preliminary hearing. On those occasions Bowman had essentially corroborated the testimony of the victim.

Mark Coffer offered an alibi defense. His girlfriend testified at trial that he was with her at the time of the incident.

Charges against the two defendants were consolidated for trial.

*Attorney General Edmisten, by Assistant Attorney General Ben G. Irons, II, for the State.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Norman B. Smith, for defendant Roger Gene Coffer.*

*Assistant Public Defendant, Eighteenth Judicial District, E. Randolph Carroll for defendant Mark Coffer.*

MARTIN (Harry C.), Judge.

We will deal with each defendant's assignments of error separately.

### ROGER GENE COFFER

[1] Defendant Roger Coffer first assigns as error the trial court's denying his motion to dismiss the indictment for felonious assault on grounds of double jeopardy. The defendant was arrested on a warrant charging him with felonious assault with a deadly weapon with intent to kill, resulting in serious injury. The district court judge did not find probable cause as to the felony, but found probable cause as to the misdemeanor of assault inflicting serious bodily injury. The state immediately took a voluntary dismissal. It is defendant's contention that once the district court determined the assault prosecution to be within its jurisdiction, the state should have taken the case directly to the grand jury for indictment, rather than filing a voluntary dismissal. We disagree.

N.C.G.S. 15A-612(b) provides that disposition of a charge on a probable cause hearing does not preclude the state from instituting a subsequent prosecution for the same offense. The of-

---

---

ficial commentary to N.C.G.S. 15A-931 provides that a voluntary dismissal of criminal charges by the state "does not itself bar the bringing of new charges." Thus our statutes clearly contemplate the procedure used by the state in the present case.

In *State v. Hice*, 34 N.C. App. 468, 238 S.E. 2d 619 (1977), the Court addressed this question and held that jeopardy does not attach until the time a jury has been empaneled. The defendant had argued, unsuccessfully, that the trial court erred in failing to dismiss a manslaughter charge because jeopardy had attached when he was charged with death by vehicle and driving under the influence, and the prosecutor had taken a voluntary dismissal in district court. Thus, we find that case law, too, supports the state's position on this issue.

[2] We are next asked to consider whether there is merit to defendant's contention that a lay witness was erroneously permitted to give an opinion as to defendant's guilt.

The victim's sister testified to a conversation she had with the defendant sometime after the alleged assault. Defendant objected to any part of the conversation being introduced. The trial court heard arguments on voir dire and instructed the witness on what portion of the conversation would be admissible. Defendant objected to the ruling. The witness then repeated before the jury the admissible portions of the conversation, including her statement to the defendant, "God help me, I can't forgive you for what you have done." The witness had not used these exact words during her voir dire examination.

Defendant failed to object to the witness's statement, made for the first time before the jury. Failure to object at trial normally constitutes waiver of error. 1 Stansbury's N.C. Evidence § 27 (Brandis rev. 1973); *State v. Jordan*, 49 N.C. App. 560, 272 S.E. 2d 405 (1980). We find, moreover, that the witness's statement was not an expression of a theoretical opinion as to defendant's guilt, but rather an "instantaneous conclusion of the mind." Stansbury, *supra*, § 125; *State v. Miller*, 302 N.C. 572, 276 S.E. 2d 417 (1981); *State v. Spaulding*, 288 N.C. 397, 219 S.E. 2d 178 (1975). We find no error in the admission of this testimony.

In light of *State v. Freeman*, 302 N.C. 591, 276 S.E. 2d 450 (1981), defendant withdraws his third assignment of error in

which he contends that the kidnapping charge, depending entirely on testimony of defendant's spouse, should have been dismissed.

[3]   Defendant's fourth assignment of error is based on the trial court's refusal to give a limiting instruction immediately before Jerry Bowman's prior inconsistent statement was read. The trial judge did caution the jury in his charge that the statement was to be considered not as substantive evidence, but only in weighing the credibility of the witness's testimony. N.C.G.S. 1-181 allows requests for special instructions to be submitted to the judge before his charge to the jury, thus providing statutory protection in situations such as the one presented by these facts. *State v. Lamb*, 39 N.C. App. 334, 249 S.E. 2d 887, *disc. rev. denied*, 296 N.C. 738 (1979). We note, too, that the trial judge has a duty to regulate the conduct and the course of business during a trial. The exercise of this discretionary function will not be reviewed absent a showing of abuse. *State v. Spaulding, supra.* We find that the judge did not abuse his discretion in postponing his instruction on the use of prior inconsistent statements until his final charge to the jury.

As his fifth assignment of error, defendant Roger Coffer contends that the trial judge incorrectly defined the term *assault* in his charge to the jury. We have carefully examined the judge's instructions and find no error.

In answer to defendant's contention that the court should have instructed on the elements of battery, we find the case of *Ormond v. Crampton*, 16 N.C. App. 88, 191 S.E. 2d 405, *cert. denied*, 282 N.C. 304 (1972), apposite. In *Ormond* the tendered issue in the case was assault, whereas defendant complained that the instruction was based on an issue of battery. The Court found no error in the charge. The trial judge had adequately apprised the jury of its duty to find that the defendant acted intentionally in a series of events which led to plaintiff's injury.

Next, the defendant assigns as error the court's instruction on the principles of acting in concert. Defendant specifically objects to what he considers the unnecessary repetition and emphasis placed on the theory. This assignment of error is totally without merit. As to both defendants the court instructed the jury on the charges of kidnapping and various degrees of assault,

each of which necessitated the repetition of an instruction on acting in concert.

## MARK ALLEN COFFER

[4] The defendant Mark Coffer first assigns as error the court's exclusion of a hearsay statement which would tend to support his alibi defense. We find no error in the exclusion of this statement.

Roger Coffer allegedly told officer Keith Meredith that one Johnny Staley was with him during the early morning hours of 19 March 1980. The statement clearly falls within our definition of hearsay. The probative force of the officer's testimony would depend upon the competency and credibility of Roger Coffer, the out-of-court declarant. The statement was offered to prove the truth of the matter asserted—that Johnny Staley (and not Mark Coffer) was with Roger. Stansbury, *supra*, § 138.

The defendant argues that the statement falls within the declaration against penal interest exception to the hearsay rule. We find nothing in the statement which constitutes an admission that the declarant, Roger Coffer, committed the crime for which Mark Coffer was tried. *State v. Haywood*, 295 N.C. 709, 249 S.E. 2d 429 (1978). The statement was innocuous and without damaging potential for at no time did Roger Coffer deny being at the scene of the crime. The court properly ruled the statement as inadmissible hearsay.

[5] Defendant Mark Coffer next contends that the trial court erred in permitting his girlfriend to testify to the color of stockings she wore and to exhibit them to the jury. We agree that this testimony had little relevance; however, ordinarily the reception of irrelevant evidence is considered harmless error. Stansbury, *supra*, § 80. The defendant has failed to show that the admission of this testimony has substantially rather than theoretically affected his rights, or that a different result would have ensued had the evidence been excluded. *State v. Atkinson*, 298 N.C. 673, 259 S.E. 2d 858 (1979); *State v. White*, 298 N.C. 430, 259 S.E. 2d 281 (1979); *State v. Cross*, 284 N.C. 174, 200 S.E. 2d 27 (1973).

[6] Mark Coffer also takes exception with the trial court's instructions on acting in concert, arguing that the judge made a tacit assumption that he was present on the scene, thus weakening his alibi defense.

In his charge the judge repeatedly referred to "Roger Gene Coffer, acting either by himself or acting together with Mark Allen Coffer." We do not agree that the instructions were tantamount to a judicial opinion on the evidence.

Essential to the theory of acting in concert is a common plan or purpose between two or more persons to commit a crime. *State v. Joyner*, 297 N.C. 349, 255 S.E. 2d 390 (1979). In Roger's case it would be necessary for the jury to find that a common plan or purpose existed between Roger and Mark Coffer and that Mark committed acts in furtherance of the crime. Only if the jury determined from the evidence that both these conditions existed, could it then find Roger Coffer guilty under the acting in concert theory. The judge expressed no more of an opinion as to Mark Coffer's guilt or innocence by including his name in these instructions than he did in including his name when instructing on the charges respecting Mark's acting in concert with Roger.[1]

[7] Finally, the defendant Mark Coffer argues that the court erred in determining that the kidnapping of the victim was a separate act from the assault of the victim. Defendant contends that any restraint or asportation of the victim was incidental to and not independent from the assault. N.C. Gen. Stat. § 14-39(a) (Supp. 1979).

In *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E. 2d 338, 351 (1978), the Court wrote that N.C.G.S. 14-39 "was not intended by the Legislature to make a restraint, which is an inherent, inevitable feature of such other felony, also kidnapping so as to permit the conviction and punishment of the defendant for both crimes. To hold otherwise would violate the constitutional prohibition against double jeopardy."

---

1. In *State v. Westbrook*, 279 N.C. 18, 44-45, 181 S.E. 2d 572, 587-88 (1971), the following charge was upheld by the Supreme Court of North Carolina:

"If the State has satisfied you from the evidence and beyond a reasonable doubt, that the defendant Westbrook and Frazier, on June 18, 1970, entered into a common plan and purpose to rob Carla Jean Underwood, and that the defendant Westbrook was present, acting in concert with, or aiding and abetting Frazier, in pursuance of a common plan and purpose to rob Carla Jean Underwood, and that Frazier shot and killed Carla Jean Underwood while committing or attempting to commit the felony of robbery, it would be your duty to return a verdict of guilty of murder in the first degree."

Asportation of the victim is not an inherent or inevitable feature of an assault. The removal of Carol from the front porch of her home to a more secluded wooded area clearly facilitated the commission of the felony of assault. The assignment of error is overruled.

We hold that defendants, Roger Gene and Mark Allen Coffer, received a fair trial free of error.

No error.

Judges MARTIN (Robert M.) and BECTON concur.