STATE OF NORTH CAROLINA v. STEVEN DEWAINE CAMPBELL

No. COA00-83

(Filed 6 February 2001)

**1. Criminal Law— reinstructing jury on reasonable doubt— no error**

The trial court did not err in a first-degree sexual offense case by its reinstruction to the jury on reasonable doubt after the jury's request, because: (1) the second definition of reasonable doubt essentially tracks the language approved by our Supreme Court; and (2) defendant refers to no evidence in the record to support his contention that the second instruction confused the jury, nor does he cite any authority in support of his position.

**2. Evidence— rights waiver executed by defendant—waiver of right to be present**

The trial court did not err in a first-degree sexual offense case by admitting into evidence a rights waiver allegedly executed by defendant after the trial court conducted an unrecorded bench conference outside of defendant's presence, because: (1) defendant waived his right to be present by failing to request to be present at the conference or to object to his absence therefrom; and (2) at the request of defendant, the trial court held a hearing and redacted damaging portions of defendant's statements to the officers.

**3. Sexual Offenses— testimony of prior sexual abuse—no error**

The trial court did not err in a first-degree sexual offense case by allowing testimony of the alleged victim describing defendant's sexual abuse of her two years prior to the charges for which defendant was on trial in this case even though the State voluntarily dismissed the prior charges, because: (1) the reason for the State's dismissal does not appear in the record and will not be speculated; and (2) a voluntary dismissal of a criminal charge does not prevent the State from obtaining a new indictment based on the same acts.

**4. Witnesses— child—intimate sexual matters—district attorney's inquiry of whether jurors heard victim's response**

The trial court did not abuse its discretion in a first-degree sexual offense case by failing to take some corrective action fol-

lowing the district attorney's inquiry of the jury concerning whether they heard the victim's response to a question about intimate sexual matters with defendant, because: (1) defendant did not object to the district attorney's comment at trial, nor did he request a curative reinstruction; (2) the witness was a ten-year-old child testifying about intimate sexual matters involving abuse by a family member; and (3) the record reveals that the district attorney was merely ensuring that the jury could hear the answers of the child witness.

**5. Evidence— exclusion of statements from interview with detective—speculation of relevance**

The trial court did not err in a first-degree sexual offense case by admitting some of the statements from defendant's interview with a detective while excluding other statements including the child victim's observations of sexual activity around her home, because: (1) it is purely speculation to conclude that any observations of sexual activity by the child victim would have some relevance to the acts that defendant purportedly committed on the child; and (2) the record indicates the trial court properly performed the balancing test under N.C.G.S. § 8C-1, Rule 403.

**6. Constitutional Law— effective assistance of counsel—failure to recall witnesses—reasoned strategy decision**

A defendant did not receive ineffective assistance of counsel in a first-degree sexual offense case when his counsel failed to recall three witnesses and examine them further, because: (1) defense counsel indicated to the trial court that he did not believe that recalling the three witnesses would be helpful to defendant; (2) defense counsel was making a reasoned strategy decision; and (3) nothing in the record indicates that a reexamination of the witnesses by defense counsel would have resulted in a different outcome.

Judge GREENE concurring.

Appeal by defendant from judgment entered 13 July 1999 by Judge Melzer A. Morgan, Jr., in Davidson County Superior Court. Heard in the Court of Appeals 9 January 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Ellen B. Scouten, for the State.*

*Jon W. Myers for defendant appellant.*

HORTON, Judge.

In August 1996, a Davidson County grand jury indicted defendant Steven Dewaine Campbell on three counts of first-degree sexual offense and one count of first-degree rape involving his niece, Alicia Dawn Everhart. Following a jury trial in July 1999, defendant appealed to this Court from a lengthy sentence of imprisonment imposed after his conviction of one count of first-degree sexual offense. The jury was unable to reach a unanimous verdict on the remaining charges. After careful consideration, we find no error in the judgment of the trial court.

## A.

[1] Defendant first contends that the trial court erred in its re-instruction to the jury on reasonable doubt. In its original charge to the jury, the trial court instructed the jury as follows:

> A reasonable doubt is a doubt based on reason and common sense, arising out of some or all of the evidence that has been presented or lack or insufficiency of the evidence, as the case may be. Proof beyond a reasonable doubt is proof that fully satisfies or entirely convinces you of the defendant's guilt of a particular offense.

On the second day of deliberations, the jurors sent a note to the trial court asking that the court again define reasonable doubt. The trial court informed counsel that it would read the jury the instruction on reasonable doubt contained in *State v. Lambert*, 341 N.C. 36, 52, 460 S.E.2d 123, 132-33 (1995). Counsel for defendant objected, asking that the trial court repeat its original instruction on reasonable doubt to the jury. The trial court overruled defendant's objection and instructed the jury as follows:

> Now, I'm going to give you an instruction with respect to reasonable doubt, that is in somewhat different words, but it is still an approved definition of reasonable doubt. A reasonable doubt means exactly what it says. It is not a mere possible or an academic or a forced doubt because there are few things in human experience which are beyond a shadow of a doubt or which are beyond all doubt. Nor is it a doubt suggested by the ingenuity of counsel or even by the ingenuity of your own mind not legitimately warranted by the evidence or the lack of evidence and the testimony here in these individual cases. Of course, your reason and your common sense would tell you that a doubt would not be

reasonable if it was founded by or suggested by any of these types of considerations. A reasonable doubt is a doubt based on reason and common sense arising out of some or all of the evidence that has been presented or lack or insufficiency of the evidence as the case may be. Proof beyond a reasonable doubt is proof that fully satisfies or entirely convinces you of the defendant's guilt of a particular offense.

The second definition of reasonable doubt essentially tracks the language approved by our Supreme Court in *Lambert*, 341 N.C. at 52, 460 S.E.2d at 132-33.

Defendant contends that the second instruction confused the jury, but refers to no evidence in the record to support his argument, nor does he cite any authority in support of his position. We overrule this assignment of error.

B.

[2] Defendant next argues that the trial court erred by admitting into evidence a rights waiver allegedly executed by defendant. During the direct examination of Detective Roberson, a witness for the State, the rights waiver was marked for identification as a State's Exhibit. The trial court then instructed counsel for defendant and the State to approach the bench and a "discussion off the record at the bench" transpired. Detective Roberson then continued with his testimony, following which the State moved to introduce the rights waiver. The trial court stated that "[p]ursuant to the bench conference, State's Exhibit 1 [the rights waiver] is received." Defendant then requested a *voir dire* outside the presence of the jury to determine when the rights waiver form was signed by defendant, and the trial court allowed his request. Defendant did not object to the admission of the rights waiver into evidence.

Defendant argues that the trial court erred in conducting an unrecorded bench conference outside his presence, and then allowing the rights waiver into evidence pursuant to terms of that conference. We disagree. Our Supreme Court has held that the right of the defendant to be present at a bench or chambers conference may be waived in a non-capital case. See *State v. Pittman*, 332 N.C. 244, 253, 420 S.E.2d 437, 442 (1992). In *Pittman*, the State did not try defendant for his life, and the Supreme Court held that "defendant's case lost its capital nature and defendant's right to be present at every stage of his trial was a personal right which could be waived, either expressly,

STATE v. CAMPBELL

[142 N.C. App. 145 (2001)]

or by his failure to assert it." *Id.* at 253, 420 S.E.2d at 442. Defendant Pittman having "failed to request to be present at either of the conferences or to object to his absence therefrom, defendant waived his right to be present and cannot, on appeal, assign as error the trial court's denial of that right." *Id.* Likewise, we find no error in the actions of the trial court in the case before us. Indeed, at the request of defendant, the trial court held a hearing and redacted damaging portions of defendant's statements to the officers, including those portions referring to his Tennessee murder conviction and to his sexual relationship with his half-sister. We overrule this assignment of error.

## C.

[3] Next, defendant contends that the trial court erred in allowing testimony by the alleged victim describing defendant's sexual abuse of her two years prior to the charges for which defendant was here on trial. Defendant does not contend that the events were too remote in time, but argues that the State previously voluntarily dismissed the criminal charges based on the acts about which the child witness testified.

Although the record is not complete, there is some evidence that the prior charges were voluntarily dismissed by the State. Defendant argues that the dismissals indicate the State's awareness of the unreliability of the child's evidence with regard to those earlier events. Defendant does not cite authority to support this position and we have located none. We take notice that there may be many reasons for the entry of voluntary dismissals in criminal charges by the State. The reasons for the State's action in this case do not appear in the record, and we decline to speculate on them. We do note, however, that a voluntary dismissal of a criminal charge does not prevent the State from obtaining a new indictment based on the same acts. *State v. Lamb*, 321 N.C. 633, 641, 365 S.E.2d 600, 604 (1988). *See also State v. Coffer*, 54 N.C. App. 78, 80-81, 282 S.E.2d 492, 494 (1981) (voluntary dismissal taken prior to probable cause hearing does not prevent the State from subsequently prosecuting the offense). This assignment of error is overruled.

## D.

[4] During the direct examination of the prosecuting witness, the following colloquy took place:

Q: . . . If you can tell the ladies and gentlemen of the jury after Steve took his pants off what happened next?

A: He got on top of me.

Q: Okay.

> MR. TAYLOR [District Attorney]: Did everyone hear that? (All jurors respond "Yes.")

Defendant argues that the trial court should have corrected this attempt to prejudice the case against him by at least giving a curative instruction to the jury. Defendant did not object to the district attorney's comment at trial, nor did he request a curative re-instruction, and thus he cannot now protest the trial court's failure to do so. *State v. Williamson*, 333 N.C. 128, 139, 423 S.E.2d 766, 772 (1992). Further, we take note that the witness was a ten-year-old child, not an adult, testifying about intimate sexual matters involving abuse by a family member. Shortly after the statement about which defendant complains, defendant's counsel stated that he did not understand the child's answer to a question, and the answer was repeated. We believe that it is reasonably apparent from the record that the district attorney was merely ensuring that the jury could hear the answers of the child witness. We find no evidence that the trial court abused its discretion in failing to take some corrective action following the district attorney's inquiry of the jury. We therefore overrule defendant's assignment of error.

E.

[5] Defendant argues that the trial court erred by admitting some of the statements from his interview with a detective while excluding others. Specifically, defendant objected to the trial court's allowing the following statement to remain in the redacted version of his statements to the detective:

> Mr. Campbell stated that he has been molested by his psychiatrist, his biological father, and his grandfather. He stated that his grandfather killed himself after committing the acts.

Defendant contends that the trial court erred by allowing that comment to remain in the redacted version of his statement while excluding the following excerpts:

> Mr. Campbell made several statements about his half-sister's sexual activity and preferences.

STATE v. CAMPBELL

[142 N.C. App. 145 (2001)]

Mr. Campbell stated that Jerry Mick had a lot of pornographic movies. Mr. Campbell stated that on one occasion Alisha [sic] [the child victim] asked him why Jesse and Mick bite Mama there and if it hurts. Mr. Campbell replied "No, not really." Mr. Campbell also stated Alisha [sic] also asked him why Mama bites Jesse and Mick and if it hurts. Mr. Campbell replied to her that it's something grown-ups do.

After a lengthy *voir dire*, the trial court made a Rule 403 analysis of the statements and ruled as follows:

The next portion that will be kept out is the sentence based upon an analysis of Rule 403, Mr. Campbell made several statements about his half sister's sexual activity and preferences, also those are in the nature of self-serving declarations. . . . The Court under Rule 403 will determine that the probative value of that information is substantially outweighed by the danger of the confusion of the issues and unfair prejudice.

Defendant argues that the statements made to him by Alicia contain the child's observations about sexual activity around her home and might have been relevant in determining why she made certain statements involving him. It is purely speculative, however, to conjecture that any observations of consensual sexual activity by the child witness would have some relevance to the acts that defendant purportedly committed on the child. We also note that the trial court carefully excluded from the jury's consideration statements by defendant regarding his murder conviction in the State of Tennessee and his sexual relationship with his half-sister. The record indicates that the trial court made a meticulous effort to perform the balancing test pursuant to Rule 403 and did not abuse his discretion in doing so. This assignment of error is also overruled.

### F.

[6] Finally, defendant contends that he received ineffective assistance of counsel. At the end of his trial, the trial court addressed defendant and asked him if he had additional witnesses he wished to call and if he wished to testify himself. Defendant stated that he wished to recall three witnesses for further examination, but did not wish to testify himself. Defendant's counsel stated that he did not think further examination of the witnesses would be beneficial, and the following exchange then took place:

STATE v. CAMPBELL

[142 N.C. App. 145 (2001)]

THE COURT: Have you in your opinion, in your professional opinion, covered the topics that you think and to the degree that you think is appropriate?

MR. LEA: No, but I have done my best, your Honor. I don't think you ever do that.

Defendant contends that the failure of his counsel to recall the witnesses and examine them further is constitutionally ineffective assistance of counsel and requires a new trial. We cannot agree.

In order to prevail on an ineffective assistance of counsel claim, defendant must satisfy a two-pronged test: first, he must show that his counsel's performance fell below an objective standard of reasonableness, *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985), and must demonstrate, second, that any error by counsel was so serious that there is a reasonable probability that the result of the trial would have been different absent the error. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, *reh'g denied*, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984). Here, defendant can satisfy neither prong.

Immediately prior to the statement quoted above, counsel indicated to the trial court that he did not believe that recalling the three witnesses would be helpful to defendant. He commented that his "opinion is that it would underline things and just make things worse if I give somebody a hard time on the stand, anything I would get to the untruths." It is obvious that defendant's counsel was making a reasoned strategy decision. Where the strategy of trial counsel is "well within the range of professionally reasonable judgments," the action of counsel is not constitutionally ineffective. *Strickland*, 466 U.S. at 699, 80 L. Ed. 2d at 701. *See also State v. Swann*, 322 N.C. 666, 687, 370 S.E.2d 533, 545 (1988). The record shows that counsel for defendant ably cross-examined the child witness, and that she was already in tears on the witness stand. As is often the case in sexual abuse cases, defense counsel made the decision that further questions to the tearful witness would not yield a gain equal to the damage done if the jury were made more sympathetic to the alleged victim of sexual abuse. Further, we hold that nothing in this record indicates that a reexamination of the witnesses by trial counsel would have resulted in any different outcome.

In summary, it appears from this record that defendant was defended by able, conscientious, prepared counsel; that defendant's

counsel professionally and thoroughly examined the witnesses and vigorously resisted the admission of all evidence damaging to defendant. The effectiveness of the defense effort is demonstrated by the inability of the jury to reach a unanimous decision in three of the four charges against defendant.

Defendant had a fair trial before an able trial court and a jury of his peers. In that trial we find

No error.

Judge TYSON concurs.

Judge GREENE concurs with a separate opinion.

GREENE, Judge, concurring.

I agree with the majority that the trial court did not err by admitting evidence defendant abused the victim on two occasions other than the occasion for which defendant was charged, pursuant to Rule 404(b) of the North Carolina Rules of Evidence. I write separately to address defendant's argument in his brief to this Court that evidence of these "other crimes, wrongs, or acts" was inadmissable based on its "unreliability."

Evidence offered for a proper purpose pursuant to Rule 404(b) is admissible only if it is relevant. *State v. Haskins*, 104 N.C. App. 675, 679, 411 S.E.2d 376, 380 (1991), *disc. review denied*, 331 N.C. 287, 417 S.E.2d 256 (1992); N.C.G.S. § 8C-1, Rule 402 (1999) ("[e]vidence which is not relevant is not admissible"). Evidence of "other crimes, wrongs, or acts" is relevant "only if the jury can conclude by a preponderance of the evidence that the extrinsic act occurred and that the defendant was the actor." *Haskins*, 104 N.C. App. at 679, 411 S.E.2d at 380. Upon a request by the opponent of the evidence, the trial court must, therefore, determine on *voir dire* "whether there is sufficient evidence that the defendant in fact committed the extrinsic act."[1] *Id.* at 679-80, 411 S.E.2d at 380. Evidence the defendant committed the extrinsic act

---

1. We note the defendant may request the trial court conduct the *voir dire* outside the presence of the jury when the interests of justice so require. N.C.G.S. § 8C-1, Rule 104(c) (1999). When the *voir dire* is conducted in the jury's presence, however, and the trial court subsequently determines the evidence the defendant committed the extrinsic act is not substantial, the trial court must "instruct the jury to disregard the evidence." *Haskins*, 104 N.C. App. at 680, 411 S.E.2d at 380-81.

is sufficient to present the evidence to the jury if the evidence is "substantial." *Id.* at 680, 411 S.E.2d at 380; *see also State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990) ("[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

In this case, defendant argues in his brief to this Court that evidence of defendant's "other crimes, wrongs, or acts" was unreliable because the State charged defendant with crimes based on these acts and subsequently dismissed those charges. Defendant essentially contends the evidence of defendant's extrinsic acts was inadmissible because the State did not present sufficient evidence the extrinsic acts occurred. To preserve this issue for appeal, defendant was required to object at trial to the admission of the evidence on the ground evidence defendant committed the extrinsic acts was not substantial. As defendant failed to raise this objection before the trial court, this issue is not properly before this Court. *See* N.C.R. App. P. 10(b)(1).